IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADRIANNA KONDILIS, BRANDEN LISCIANDRELLO, EDWARD GARCIA, JOSEPH MIRANDA, JULIE ORTEGA, MARCIN KAZARNOWICZ, MIKE BILINA, ROBERT HILLIARD, STEFANIE MINGARI, STEPHANIE FOX, VICTOR SOKOLOVSKI, MICHELLE MAXWELL, DANIELLE PHILP, TONI SHYTELL, JULIE HATFIELD, MELISSA SCHROEDER, and STEPHANIE TONEY, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, ILLINOIS, <br><br> Defendant. | Case No. 23 C 2249 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Adrianna Kondilis, Branden Lisciandrello, Edward Garcia, Joseph Miranda, Julie Ortega, Marcin Kazarnowicz, Mike Bilina, Robert Hilliard, Stefanie Mingari, Stephanie Fox, Victor Sokolovski, Michelle Maxwell, Danielle Philp, Toni Shytell, Julie Hatfield, Melissa Schroeder, and Stephanie Toney, have brought a six count third amended complaint ("complaint") against their employer, defendant City of Chicago. Count 1, brought on behalf of plaintiffs Kondilis, Kazarnowicz, and Toney, is a claim for religious discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"). Count 2, brought by all plaintiffs, asserts a claim for deprivation of plaintiffs' First Amendment right to the free exercise of religion. Count 3 alleges a violation of all plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment. Count 4 alleges a substantive due process deprivation of plaintiffs' right to nondisclosure of private medical information. Count 5 asserts

a claim under Illinois' Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1, et seq. Finally, Count 6 asserts a claim for indemnification under 745 ILCS §§ 10/1-202, 2-302, and 10/9-102. Defendant has moved under Fed. R. Civ. P. 12 (b)(6) to dismiss all counts for failure to state a claim. For the reasons described below, the motion is granted.

## BACKGROUND

Plaintiffs are all Chicago Police Department Officers except plaintiff Toney, who is employed as a Police Communication Officer II with Chicago's Office Emergency Management and Communications. In October 2021 defendant instituted a Vaccination Policy requiring all employees to obtain a COVID-19 vaccination. The Vaccination Policy also required employees who were not vaccinated for any reason to undergo periodic testing and to report that testing through the COVID-19 Vaccination Portal. The Vaccination Policy permitted accommodations for disability/medical conditions and religion. Specifically, the Vaccination Policy in Section VI. B. provides:

> Religious Accommodations
> 1. The City provides religious accommodations to employees with sincerely held religious beliefs unless such accommodation would create an undue hardship. Requests for accommodations will be made on a case-by-case basis consistent with existing procedures for reasonable accommodation requests.
> 2. Employees who believe they need an accommodation regarding this policy because of a sincerely held religious belief may request a reasonable accommodation through the Department of Human Resources. A form for requesting such an accommodation is attached to this policy as Exhibit B.

Section VII of the Vaccination Policy, titled Reporting Testing Results provides:

> A. Employees, volunteers, and contractors who are covered by this policy who are not fully vaccinated by October 15,

2

>2021, for reasons including but not limited to verified medical conditions or restrictions or sincerely held religious beliefs (as discussed in Section VI), shall be required to undergo COVID-19 testing on a twice weekly basis with tests separated by 3-4 days. Employees shall be responsible for obtaining tests on their own time and at no cost to the City.
>B. Employees must report their test results through the COVID-19 Employee Testing Portal.
>Employees will be required to submit the following information:
>1. The date of the test;
>2. The type of test obtained;
>3. The results of the test;
>4. A declaration that the information provided is true and accurate; and,
>5. A copy of their test results.
>C. In cases where the City has reason to believe that the testing information provided by the employee was not true or accurate, an employee may be required to provide additional information, including but not limited, a written statement describing the testing process.
>D. Employees who fail to report test results as required by this section will be placed in a non-disciplinary no-pay status until they report their test results.

On October 14, 2021, just one day before employees were to report their vaccination status in the Portal, plaintiff Kondilis submitted a request for a religious accommodation on the required form. The request was incomplete because it lacked a religious leader's signature. Defendant requested additional information about Kondilis' religious beliefs, including the signature of a religious leader. Kondilis provided the updated information, and specifically requested "a religious accommodation that will excuse me from having to receive a COVID-19 vaccine and further request that no adverse action be taken against me on account of my religious beliefs." That request was approved.

3

Despite making her initial request just one day before the reporting deadline, Kondilis did not enter her vaccination status into the Portal on October 15, 2021, as required of all employees. On November 21, 2021, she received a written direct order from Deputy Chief Ursitti to comply with the written Department Policy by entering her current vaccination status into the Portal as required of all employees. She refused that direct order. As a result, she was placed on a non-disciplinary, no-pay status. Even after her request for an accommodation was approved, she continued to refuse to enter her vaccination status or testing reports into the Portal as required by the Vaccination Policy. Her refusal precluded her from returning to work.

Plaintiff Kazarnowicz also submitted a request for a religious exemption on October 14, 2021, just one day before the reporting requirement deadline. His request was also incomplete, lacking a religious leader's signature. He was asked to supply the missing information. Upon supplying the information his request for an accommodation was granted. Like Kondilis, Kazarnowicz did not enter his vaccination status into the Portal by October 15, 2021, claiming he was awaiting his exemption and that he had concerns about privacy and security. He too received a direct written order from Ursitti to comply with Department Policy by entering his vaccination status into the Portal. He refused to comply and was placed on a non-disciplinary no-pay status until he complied with the reporting requirement. He alleges that he was stripped of his status as a police officer because of refusing a second order and has never regained it even after entering his vaccination status into the Portal. He has returned to work at a 311-call center.

Plaintiff Toney also submitted her request for a religious accommodation in October 2021. She never submitted a signature from a religious leader as requested by defendant. As a

4

result, her request was denied, and she was placed on a non-disciplinary, no-pay status. She did not enter her vaccination status into the Portal by October 15, 2021, as required of all employees.

Each of the remaining plaintiffs are in similar situations. Each alleges that he or she submitted a request for a religious accommodation excusing each from being receiving a vaccination. Each request was either incomplete and/or more information was requested by defendant. Each plaintiff who provided the requested information alleges that the requested accommodation was approved. Each plaintiff refused to comply with the Vaccination Policy by submitting their vaccination status into the Portal by October 15, 2021, even after receiving direct orders to do so, resulting in adverse consequences. None of the requests for accommodations indicated that any plaintiff had a religious belief that precluded them from entering the required information into the Portal.

## DISCUSSION

Defendant has moved to dismiss all six counts for failure to state a claim. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Fed. R. Civ. Pro. 12(b)(6). For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

In Count 1, plaintiffs Kondilis, Kazarnowicz, and Toney allege that defendant violated

Title VII's prohibition of discrimination based on religion by failing to provide them a reasonable accommodation from the Vaccination Policy. To state such a claim, they must allege an observance or practice conflicting with an employment requirement is religious in nature, that they called the observance or practice to defendant's attention, and that the observance or practice was the basis for the alleged discrimination. Porter v. City of Chicago, 700 F.3d 944, 951 (7th Cir. 2012).

Defendant argues that plaintiffs have not and cannot allege the required elements for their claim. Each plaintiff's exemption request articulated only that they had a religious objection to receiving the vaccination. None of their requests indicated a religious objection to reporting their vaccination status or test results into the Portal, and none of the requests sought an accommodation from doing so. Defendant granted both Kondilis' and Kazarnowicz's request to be exempt from receiving the vaccination. Toney never completed the necessary paperwork to receive the requested accommodation. Both Kondilis and Kazarnowicz admit that they were placed on no-pay status for refusing to enter their vaccination status into the Portal.

Both Kondilis and Kazarnowicz argue that their approval of their accommodation requests exempted them from all aspects of the Vaccination Policy, including the reporting requirements. They base this argument on the wording of the approval. That approval indicated "Dear employee: Your request for a religious exemption from the City of Chicago's Mandatory COVID-19 Vaccination Policy has been: approved." The form determination notice also indicated that: "If your request has been approved, you may be required to follow additional health and safety measures while at work. Those measures are described below: The employee will be required to comply with masking, social distancing, and testing requirements until further

6

notice."

Based on this wording, plaintiffs summarize their argument as: "(i) we got a religious exemption from the vaccination policy or were requesting one, (ii) we thought, reasonably, the exemption covered the Policy as a whole, and the Determination Notice even says that, (iii) the City took adverse actions against us under the Policy we thought we were exempted from, (iv) other policies, apart from this one, might have been applicable, but any such policies were not used as the basis for the adverse actions, it was the Vaccination Policy we thought we were exempted from, (v) the City's application of the Policy do [sic] us despite our religious exemptions is religious discrimination."

The court agrees with defendant that this is an implausible argument belied by both the Vaccination Policy and plaintiffs' accommodation requests. First, as noted above, the Vaccination Policy specifically provided that all employees not vaccinated by October 15, 2021, for reasons including sincerely held religious beliefs, shall be required to undergo COVID-19 testing on a twice weekly basis and to report the results into the Portal. Thus, plaintiffs had no basis to "reasonably believe" that they did not need to report. Second, each plaintiff's request for an accommodation based on sincerely held religious beliefs specifically requested to be excused from receiving the vaccination, and nothing more. As noted above, Kondilis requested "a religious accommodation that will excuse me from having to receive a COVID-19 vaccine and further request that no adverse action be taken against me on account of my religious beliefs." It was that request that was granted, giving Kondilis no reason to believe that she was exempted from testing and reporting. The same is true for plaintiff Kazarnowicz. Finally, even if plaintiffs could have reasonably believed that they were exempted from the entire policy (they

7

could not), they were specifically told that their belief was unfounded and were given direct orders to report on the Portal. They intentionally disobeyed those orders. Consequently, the court concludes that plaintiffs have failed to allege an observance or practice religious in nature that conflicted with the requirement to test and report. Count 1 is dismissed.[1]

In Count 2, plaintiffs allege that by enforcing the Vaccination Policy defendant violated their right under the First Amendment to the free exercise of religion. The First Amendment provides that "Congress shall make no law . . . prohibiting the free exercise" of religion. "[L]aws incidentally burdening religion are ordinarily not subject to strict scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." Fulton v. City of Philadelphia, ___ U.S. ___, 141 S. Ct. 1868, 1876 (2021). Thus, courts sustain the law against constitutional challenge if it is rationally related to a legitimate government interest. Id. When, however, a law is not neutral or generally applicable, it will be sustained only if it is narrowly tailored to achieve a compelling state interest. Id. "The government 'fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature.'" Lukaszczyk v. Cook County, 47 F.4th 587, 606 (7th Cir. 2022) (quoting Fulton, 141 S.Ct. at 1876). And, a law is not generally applicable if it provides "a mechanism for individual exemptions or prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." Id.

The Seventh Circuit has already reviewed the Vaccination Policy at issue and determined that it is constitutional on its face. Id. Recognizing this, plaintiffs attempt to bring an as-

---

[1] To date, Plaintiff Tony has not received a right to sue letter from the EEOC and consequently her claim is technically unripe. It is uncontested, however, that she never completed the paperwork required to receive an accommodation, and even if her request was pending, she failed to comply with the reporting requirements. Thus, her claim fails for the same reasons as those of the other plaintiffs.

8

applied challenge, urging the court to apply strict scrutiny to their claim that the policy has not been generally and consistently applied. This position is again based on their already-rejected argument that they were exempted from the entire policy rather than receiving their requested accommodation of exemption from receiving the vaccine. Again, they were disciplined for failing to report their status into the Portal after receiving a direct order to do so. None of the plaintiffs have identified any religious reason for failing to comply. And, while they have alleged that employees who received a religious accommodation and refused to report received differing discipline based on their situations, they have failed to allege that employees without accommodations who failed to report were treated more favorably. Consequently, the court rejects their argument that strict scrutiny should apply, and concludes that the Vaccination Policy survives rational basis review, because it is rationally related to a legitimate government interest, as Lukaszczyk held. Defendant's motion to dismiss Count 2 is granted.[2]

In Count 3, all plaintiffs allege that by disciplining them for failing to report, defendant violated the right to equal protection under the law. "When a free exercise challenge fails, any equal protection claims brought on the same grounds are subject only to rational-basis review." Does 1-6 v. Mills, 16 F.3rd 20, 35 (1st Cir. 2021) (citing Locke v. Davey, 540 U.S. 712, 720 n.3 (2004)). Plaintiffs argue that the policy cannot survive rational-basis review because defendant's actions were not rationally related to controlling the pandemic. The Equal Protection Clause prohibits state action that discriminates on the basis of membership in a protected class. Reget v. City of La Crosse, 595 F.3d 691, 695 (7th Cir. 2010). Protected

---

2 Plaintiffs argue strict scrutiny should apply because the pandemic has "waned." But plaintiffs' failure to comply and the resulting actions taken by defendant were in 2021-2022. Lukaszczyk, was decided on August 29, 2022, and thus addressed the situation during the relevant time period.

classes include race, age and gender, but plaintiffs have alleged that they are members of a protected class. The Vaccination Policy required all unvaccinated employees to test and report, not just those employees granted an exemption for vaccination based on religious beliefs. Plaintiffs again argue that there was no rational basis to apply the policy in late 2021 and 2022 when the pandemic was waning, but the Seventh Circuit upheld the policy in that time period. Consequently, the court grants defendant's motion to dismiss Count 3.

In Count 4, plaintiff bring a substantive due process claim. "Unless a governmental practice encroaches on a fundamental right, substantive due process requires only that the practice be rationally related to a legitimate government interest, or alternatively phrased, that the practice be neither arbitrary nor irrational." Lukaszczyk, 47 F.4th at 602 (quoting Lee v. City of Chicago, 330 F.3d 456, 467 (7th Cir. 2003)). The Seventh Circuit has been hesitant to expand the scope of fundamental rights under substantive due process, specifically noting that employment-related rights are not fundamental. Id. Plaintiffs have failed to allege that the Vaccination Policy, or defendant's application of it to them, has abridged any fundamental right, arguing that they have a right to nondisclosure of private medical information. Thus, rational basis review applies, under which "a statutory classification comes to court bearing a strong presumption of validity, and the challenger must negative every conceivable basis which might support it." Id. Plaintiffs have not and cannot allege that defendant lacks "a reasonably conceivable state of facts" to support its policy. Id. at 603. Consequently, the court grants defendant's motion to dismiss Count 4.

Count 5 is a claim under the IRFRA, under which the "[g]overnment may not substantially burden a person's exercise of religion, even if the burden results from a rule of

general applicability, unless it demonstrates that the application of the burden to the person (i) is in furtherance of a compelling governmental interest and (II) is the least restrictive means of furthering that compelling governmental interest." 775 ILCS 34/15.

Numerous courts have already held that controlling the spread of COVID-19 constitutes a compelling government interest. Troogstad v. City of Chicago, 576 F.Supp. 3d 578, 585 (N. D. Ill. (2021) (citing Roman Cath. Diocese of Brooklyn v. Cuomo, ___U.S.___, 141 S. Ct. 63, 67 (2020) (holding that abating the COVID-19 pandemic satisfied the much stricter "compelling interest" test under the Free Exercise clause.)). In the instant case, plaintiffs cannot allege that application of the policy to them substantially burdened their exercise of religion because each was granted the requested exemption. None have claimed that testing and reporting conflicted with their religious beliefs in any way. Consequently, they cannot state a claim under the IRFRA. Count 5 is dismissed.

Count 6 is a claim for indemnification under Illinois law. Because none of their substantive claims have survived defendant's motion, Count 6 is dismissed.

11

**CONCLUSION**

For the reasons described above, defendant's motion to dismiss [50] the third amended complaint is granted with prejudice.

**ENTER:**

Robert W. Gettleman
**United States District Judge**

**DATE: May 23, 2024**